IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-13-3009** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| J. SEANA, *et al.,* | : | |
| | : | |
| Respondents | : | |

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-13-3110** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MR. CHAMBERS, *et al.,* | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

I.      **Procedural Background.**

On December 23, 2013, Petitioner Clarence Schreane, an inmate at USP Lewisburg in

Lewisburg, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C.

§ 2241, in this Court in Docket No. 3:13-CV-3009.[1]  (**Doc. 1**).  On December 31, 2013, Petitioner

---

[1]We note that Petitioner has previously filed three *Bivens* civil rights actions, under 28
U.S.C. § 1331, with this Court, to wit:  Civil Docket No. 3:10-CV-1765, M.D. Pa., *Schreane v.
Holt, et al.*, which Petitioner appealed to the Third Circuit and was subsequently affirmed by the
Third Circuit on April 19, 2012; Civil Docket No. 3:11-CV-0613, M.D. Pa., *Schreane v. Seana,
et al.*, which was dismissed on May 30, 2012 by the Court, and subsequently affirmed by the
Third Circuit on December 13, 2012; and Civil Docket No. 3:13-CV-1057, M.D. Pa.,  *Schreane
v. Thomas, et al.*, which was filed on April 23, 2012, and is still pending before this Court.
Petitioner also previously filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in
3:13-cv-01643 which was dismissed by the Court and was affirmed by the Third Circuit on
January 8, 2014.  On September 27, 2013, Petitioner filed an additional Petition for Writ of

filed an additional Petition for Writ of Habeas Corpus,  pursuant to 28 U.S.C. § 2241, in this Court in Docket No. 3:13-CV-3110.  (**Doc. 1**).  Petitioner paid the filing fees in both Petitions.  Named as Respondents in habeas petition No. 3:13-CV-3009 are J. Seana; Renda, Disciplinary Hearing Officer; Lt. Edward; and Warden Ronnie Holt.  (Doc. 1).  In habeas petition No. 3:13-CV-3110 named Respondents are Mr. Chambers and the Pennsylvania Attorney General.[2] (Doc. 1).  The habeas petitions have not yet been served on Respondents for a response.

In Petition No. 3:13-CV-3009 and supporting memorandum, Petitioner essentially raises a due process violation regarding a disciplinary action he received for an incident which occurred on May 16, 2010.  (Docs. 1, p. 2).  Petitioner notes in his Petition that he previously filed a Petition for writ of habeas corpus in 1:98-CR-061 on August 16, 2004 which was time barred.  (*Id.*).  As relief, Petitioner requests that the Court "review the surveillance videotape, for the alleged misconduct, and the due process violation that Mr. Schreane was infact prejudice by not having a fundamental fair and impartial hearing, Mr. Schreane request that this incident report be expunged, if the Court find that Mr. Schreane did not commit the prohibit act, and grant the reparative injunction, from the invidious discrimination and wrongfully accused in violation of his due process under the Fifth Amendment." [sic] (Doc. 2, p. 10).

_____

Habeas Corpus under 28 U.S.C. § 2241 in 3:13-CV-02478 which was dismissed by the Court on November 6, 2013.

[2]Insofar as Petitioner has filed a petition for habeas under § 2241, he has not named the correct Respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004) (holding that "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").  Thus, the correct Respondent in this case is Jeff Thomas, Warden at USP Lewisburg.

In the habeas petition No. 3:13-CV-3110 and supporting memorandum, Petitioner again raises a due process violation regarding a disciplinary action he received for an incident which occurred on August 5, 2011. (Docs. 2, p. 3).  Petitioner states that Defendant Chambers "imposed an unlawful sanction" for a razor blade. (Doc. 1).  Petitioner contends that the razor blade was not his property and there was insufficient evidence to find him guilty which took away good time credits and privileges.  (*Id.*).   As relief, Petitioner requests that "this incident report be expunged Pino v. Dalsheim, 605 F.Supp. 1305, 1319-20 (S.D.N.Y)(1985) and 'Reparative Injunction should be granted.'" [sic] (Doc. 2, p. 9).

We now give preliminary consideration to both habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[3]

## II.    Factual Background.

On January 10, 2001, Petitioner was convicted for possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e), by a jury in the United States District Court for the

---

[3]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Eastern District of Tennessee.[4]  Pursuant to that conviction, Petitioner was sentenced, on October

5, 2001, to a sentence of three hundred twenty seven (327) months incarceration and five (5) years

supervised release.  Subsequently, Petitioner appealed that sentence to the Sixth Circuit Court of

Appeals, and they affirmed the District Court's judgment of sentence on June 11, 2003.  After the

Sixth Circuit Court affirmed the District Court, Petitioner filed for a Writ of Certiorari seeking  to

appeal to the Supreme Court, but was denied on November 5, 2003.

On November 9, 2004, Petitioner filed an initial § 2255 Motion to Vacate in regards to his

sentence.  The District Court  for the Eastern District of Tennessee denied that motion as time-

barred by the statute of limitations on December 13, 2004.   Petitioner filed a second § 2255

Motion to Vacate on February 19, 2009.  On May 27, 2009, the District Court ordered that

Petitioner's motion, as a second or successive motion to vacate, be transferred to the Sixth Circuit

Court of Appeals since he had not received permission to file a successive §2255 motion, as

required.  On June 17, 2010, the Circuit Court denied Petitioner's motion to file a second § 2255

motion.

Subsequently, Petitioner attempted several times to file successive motions to vacate under

§ 2255, each of which was denied by the Sixth Circuit Court of Appeals.  Most recently, in May

2012, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) for relief from the

District Court's October 8, 2010 judgment denying his prior Rule 60(b) motion challenging the

---

[4]We take judicial notice of Criminal Docket No. 1:98-CR-061 from the Eastern District of
Tennessee, in which Petitioner was convicted of the unlawful transportation of firearms as a
felon.  We accessed the Docket at https://ecf.tned.uscourts.gov.

denial of his § 2255 motion in 2004.  The Sixth Circuit Court of Appeals interpreted this as another

§ 2255 motion, and denied the successive motion on January 7, 2013.

As stated, Petitioner also previously filed three petitions for writ of habeas corpus under 28

U.S.C. § 2241 which were dismissed by the Court.  (Docket Nos. 1:98-CR-061, 3:13-CV-01643,

3:13-CV-02478).  Petitioner filed the §2241 Petition for writ of habeas corpus in 3:13-CV-3009 on

December 23, 2013 and the §2241 Petition for writ of habeas corpus in 3:13-CV-3110 on

December 31, 2013 in  this Court.  Both Petitions are Due Process challenges to disciplinary action

taken against him.

III.    **Discussion.**

**A.       Claims of Habeas Petition Docket No. 3:13-CV-3009.**

Petitioner is required to exhaust his BOP administrative  remedies through the prison

grievance process before he can raise his instant claims in this §2241 habeas petition.  *See* 28 C.F.R.

§ 542.10-.23.  In the section of the form Petition "Exhaustion," Petitioner does not answer the

question as to whether he exhausted his administrative remedies and instead states, "only

disciplinary concerns N/A."  (Doc. 2, p. 4).  Thus, it appears Petitioner did not exhaust his

administrative remedies prior to filing his Petition.

Petitioner was required to exhaust his BOP administrative remedies before he filed his

habeas petition and there is no evidence of record that Petitioner completed the exhaustion

requirements.  *See Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981).

Because we construe Petitioner's instant claims as challenging the BOP 's computation of his good

conduct time toward his sentence as a result of a disciplinary action, we find that Petitioner  is

5

required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to

28 U.S.C. § 2241.  *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996);

*Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*).  Section 2241 does not

contain a statutory exhaustion requirement, however, the United States Court of Appeals for the

Third Circuit has required inmates to exhaust their administrative remedies prior to petitioning for

a writ of habeas corpus.  *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  The

Court requires exhaustion  for the following reasons: "(1) allowing appropriate agency to develop

a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant

the relief requested conserves judicial resources; and (3) providing  agencies the opportunity to

correct their own errors fosters administrative autonomy."  *Moscato*, 98 F.3d at 761-62 (3d Cir.

1996) (citations omitted).

The BOP set forth the procedures used by federal inmates to exhaust their administrative

remedies in 28 C.F.R. §§ 542.10-542.19.  In order to exhaust administrative remedies of a DHO

claim, first[5], the inmate must submit a formal, written Administrative Remedy Request to the

Regional Director within 20 days of the occurrence that is the underlying basis for such a request.

28 C.F.R. 542.14 (d)(2) and 28 C.F.R. 542.15(a). If accepted, the Regional Director's response is

due within 30 days. 28 C.F.R. 542.18. Second, if the inmate believes that the BOP Regional

Director's response is unsatisfactory, the inmate is entitled to appeal the decision to the General

Counsel at the BOP Central Office within 30 days. 28 C.F.R. 542.15(a). "Appeal to the General

---

[5]DHO appeals are an exception to the initial informal resolution process required by 28
C.F.R. 542.13. *See* 28 C.F.R. 542.14(d)(2).

Counsel is the final administrative appeal." *Id*. If accepted, the General Counsel's response is due within 40 calendar days. 28 C.F.R. 542.18. "If an inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*.

In light of the foregoing, we will recommend that Petitioner's Petition in Docket No. 3:13-CV-3009 be dismissed without prejudice for Petitioner's failure to exhaust his administrative remedies regarding the disciplinary action taken against him for misconduct.

### B.    Claims of Habeas Petition Docket No. 3:13-CV-3110.

As fully discussed above, because again we construe Petitioner's instant Due Process claims as challenging the BOP 's computation of his good conduct time toward his sentence as a result of a disciplinary action taken against him, again we find that Petitioner  is required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*).

In the Memorandum in support of his Petition, Petitioner provides documents regarding his Administrative Remedy appeals.  (Doc. 2, p. 14).  The incident occurred on August 5, 2011 in regard to Petitioner's possession of a razor blade. (*Id.*, p. 15).  The Disciplinary Hearing Officer ("DHO") issued a report on April 19, 2012 after a hearing was held on September 23, 2011 finding Petitioner guilty and disallowing good conduct time and privileges as a sanction.  (*Id.*, p. 19).  Petitioner was provided with his appeal rights. (*Id.*, p. 20).  Petitioner provides documentation of

the Warden's response to the September 23, 2011, Administrative Remedy Number 682058-A2,

decision of the DHO.  (*Id.*, p. 39).

On November 7, 2011[6], Petitioner filed an appeal in regard to Administrative Remedy

Number 663986-R1[7] with the Federal Bureau of Prisons Mid-Atlantic Region which was rejected

on November 9, 2011.  (*Id.*, p. 29).  The reasons for rejection were the submission of more than

one continuation page, failure to provide a copy of the DHO report that Petitioner was appealing,

and  Petitioner was further provided leave to resubmit his appeal in the proper format within ten

(10) days.  (*Id.*).

On November 22, 2011, Petitioner filed a second appeal in regard to Administrative

Remedy Number 663986-R2 with the Federal Bureau of Prisons Mid-Atlantic Region which was

rejected on November 29, 2011.  (*Id.*, p. 25).  Again, the reasons for rejection were the submission

of more than one continuation page, failure to provide a copy of the DHO report that Petitioner

was appealing, and  Petitioner was further provided leave to resubmit his appeal in the proper

format within ten (10) days.  (*Id.*).

On March 19, 2012, Petitioner filed a third appeal in regard to Administrative Remedy

Number 663986-R3 with the Federal Bureau of Prisons Mid-Atlantic Region which was rejected

---

[6]It appears from the supporting documents Petitioner provided in his Memorandum,
Petitioner filed an appeal to the Northeast Regional Officer prior to receiving the April 19, 2012
decision of the DHO.  (Doc. 2, p. 20, p. 25).

[7]This Administrative Remedy number differs from Administrative Remedy Number
682058-A2, which was addressed by the Warden in his response, thus it appears it may
concern a different matter than the incident regarding the possession of a razor blade or
Petitioner may have filed two appeals.  (Doc. 2, p. 39).

on April 12, 2012.  (*Id.*, p. 32).  The reasons for rejection were the submission of the improper number of continuation pages, failure to provide a copy of the DHO report that Petitioner was appealing, and  Petitioner was further provided leave to resubmit his appeal in the proper format within ten (10) days.  (*Id.*).  Petitioner does not provide any documents to support that he resubmitted the appeal in the appropriate format.

Petitioner next provides documents regarding an appeal to the Federal Bureau of Prisons Central Office, Washington, D.C., Administrative Remedy Number 663986-A1 on December 27, 2011[8] which was rejected on January 23, 2012.  (*Id.*, p.26).  The reasons for rejection were again the submission of more than one continuation page, failure to provide a copy of the DHO report that Petitioner was appealing, and  Petitioner was further provided leave to resubmit his appeal in the proper format within fifteen  (15) days.  (*Id.*).  Petitioner does not provide any documents to support that he resubmitted the appeal in the appropriate format.

On July 9, 2012, Petitioner appealed to the Federal Bureau of Prisons Central Office, Washington, D.C., Administrative Remedy Number 682058-A2 on July 9, 2012 which Petitioner argues was never denied.  The response was due on September 7, 2012 after an extension was requested.  (*Id.*, p. 36).  As discussed above, "[i]f an inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. 542.18.

---

[8]It appears from the supporting documents Petitioner provided in his Memorandum, Petitioner filed an appeal to the Central Office prior to filing his third appeal to the Northeast Regional Officer on March 19, 2012.  (Doc. 2, p. 26, p. 32).

As discussed, Petitioner has provided documents for two Administrative Remedy appeals Administrative Remedy 682058 and Administrative Remedy 663986 in support of his Petition. Petitioner has not exhausted either administrative remedy.  First, Administrative Remedy Number 663986 was rejected by the Federal Bureau of Prisons Central Office, Washington, D.C. on January 23, 2012 and Petitioner does not provide any documents to support that he resubmitted the appeal in the appropriate format and the Central Office had the opportunity to review the appeal prior to filing the Petition for habeas corpus relief.

Second, Petitioner's Administrative Remedy Number 682058 was filed with the Federal Bureau of Prisons Central Office, Washington, D.C. on July 9, 2012 and was accepted, however, Petitioner did not complete the exhaustion process.  The inmate must submit a formal, written Administrative Remedy Request to the Regional Director within 20 days of the occurrence that is the underlying basis for such a request. 28 C.F.R. 542.14 (d)(2) and 28 C.F.R. 542.15(a).   If accepted, the Regional Director's response is due within 30 days. 28 C.F.R. 542.18. Petitioner does not provide documentation that he completed the three steps in the process.  Thus, we will recommend that Petitioner's Petition in Docket No. 3:13-CV-3110 be dismissed without prejudice for Petitioner's failure to exhaust his administrative remedies regarding the disciplinary action taken against him for misconduct.

**IV**.    **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus Docket No. 3:13-CV-3009 (**Doc. 1**) and Petition for Writ of Habeas Corpus

Docket No. 3:13-CV-3110 (**Doc. 1**) be dismissed without prejudice for failure to exhaust

administrative remedies, without directing service of it on Respondents.


                              **s/ Thomas M. Blewitt**
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: January 23, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-13-3009** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| J. SEANA, *et al.,* | : | |
| | : | |
| Respondents | : | |

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-13-3110** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MR. CHAMBERS, *et al.,* | : | |
| | : | |
| Respondents | : | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing

Report and Recommendation dated **January 23, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall

make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required   by   law,   and   may   consider   the   record   developed   before   the
magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to file timely objections to the foregoing Report and
Recommendation may constitute a waiver of any
appellate rights.




                                   s/ Thomas M. Blewitt
                                   **THOMAS M. BLEWITT**
                                   **United States Magistrate Judge**


**Dated: January 23, 2014**